UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAHKSPAUL ("BEN") DOGRA,           )<br>                                                          )<br>            Plaintiff,                            )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>ROBERT GRIFFIN, III,                      )<br>Serve:  9050 Iron Horse Lane, #224  )<br>           Pikesville, MD 21208,          )<br>                                                          )<br>            Defendant.                        )  | Case No. _____<br><br>JURY TRIAL DEMANDED |

Plaintiff Ben Dogra ("Dogra"), by and through undersigned counsel, for his Complaint against Defendant Robert Griffin, III ("Defendant"), hereby alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Ben Dogra is an individual residing in Saint Louis, Missouri.

2. Upon information and belief, Defendant is a citizen of and domiciled in Maryland. Defendant caused events to occur in Missouri out of which this Complaint arises.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because he has entered into contracts, written or oral, within this district and the work performed thereunder took place within this district, which is the subject of this litigation.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the acts or events giving rise to Dogra's claims occurred in this district, and/or Defendant is subject to personal jurisdiction in this district.

## INTRODUCTION

6. This is an action for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Defendant. Despite entering an agreement by which Dogra represented Defendant and performed services for Defendant for several years, including the negotiation of numerous marketing and endorsement agreements for Defendant, Defendant has failed to pay the required fees under the parties' agreement.[1]

7. Dogra has made repeated efforts to resolve this dispute amicably. Defendant, however, has rejected Dogra's efforts.

8. Dogra is, therefore, forced to file this lawsuit as a result of Defendant's failure to pay $658,975.57 in past due fees.

## GENERAL ALLEGATIONS

9. In or around January 2012, Dogra and RGIII entered into an oral agreement (the "Agreement"). Under the Agreement, Dogra performed services for Defendant, including the negotiation of numerous marketing and endorsement agreements for the benefit of Defendant.

10. In return for Dogra's performance, Defendant agreed to pay Dogra 15 percent of earnings paid to him pursuant to the Agreement. Under the Agreement, Defendant owed these fees to Dogra on any agreement entered into or substantially negotiated by Dogra, including renewals, replacements, modifications, or amendments of agreements negotiated prior to the termination or expiration of the Agreement. Further, it is industry standard, and commonly understood, that a client (i.e., Defendant) agrees to pay fees on his or her earnings already received, or to be received in the future, for the duration of any employment that began, was

---

[1] CAA Sports LLC ("CAA") has assigned any and all of its rights, title and interest in its claims against RGIII to Dogra, pursuant to the assignment attached hereto as **Exhibit 1** (hereinafter, CAA and Dogra will be referred to individually and collectively as "Dogra").

2

agreed to, or that was substantially negotiated, while the agent (i.e., Dogra) performs services for the talent.

11. Since the first invoice in 2014, Defendant has failed to pay Dogra the fees as required under the parties' Agreement.

12. In 2014, Dogra invoiced Defendant $389,803 for fees, of which Defendant paid $12,975. Defendant failed to pay Dogra $376,828 in fees, which is required under the parties' Agreement.

13. In 2015, Dogra invoiced Defendant $258,559 for fees, of which Defendant paid $36,371. Defendant failed to pay Dogra $222,188 in fees, which is required under the parties' Agreement.

14. In 2016, Dogra invoiced Defendant $58,714 for fees, of which Defendant paid $0.

15. More specifically, under the Agreement, Defendant owes $658,975.57 to Dogra for completed work by Dogra on Defendant's behalf.

16. In or about 2018, Defendant terminated his relationship with Dogra. Although Defendant terminated the relationship, this termination did not eliminate his obligation to pay the required fees for Dogra's work performed on his behalf.

17. Dogra notified Defendant of the breach of the Agreement and Dogra's right to continue to collect fees for consideration received by Defendant.

18. Dogra has incurred attorneys' fees and expenses as a result of Defendant's breach of the Agreement.

<u>**CLAIM I**</u>
<u>**BREACH OF CONTRACT**</u>

19. Dogra incorporates herein by reference all other paragraphs of this Complaint as though fully set forth herein.

20. Defendant had an agreement with Dogra that is a valid, binding, and fully enforceable contract.

21. Defendant breached his Agreement by failing to comply with the terms of the Agreement, including refusing to submit the agreed upon fees owed to Dogra for Dogra's performance under the Agreement. Dogra's performance includes negotiation of Defendant's employment agreements with the University of Arizona.

22. As a direct and proximate result of Defendant's breach, Dogra has sustained, and will continue to sustain, damages in an amount to be determined at trial, including but not limited to attorneys' fees.

## CLAIM II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23. Dogra incorporates herein by reference all other paragraphs of this Complaint as though fully set forth herein.

24. The Agreement between Defendant and Dogra contained an implied covenant of good faith and fair dealing that imposed upon Defendant a duty to act in good faith and deal fairly with Dogra at all times, and to refrain from undertaking actions designed to deprive Dogra of the benefit of the bargain.

25. Defendant breached the express terms of his Agreement with CAA, as set forth above.

26. Even if Defendant did not breach the express terms of his Agreement, he breached the implied covenant of good faith and fair dealing and acted in a manner inconsistent with the parties' reasonable expectations.

27. Defendant acted in bad faith, including but not limited to the unlawful withholding of payments agreed to be made to Dogra.

28. As a direct and proximate result of Defendant's breach of the implied of covenant of good faith and fair dealing, Dogra has sustained, and will continue to sustain, damages in an amount to be determined at trial, including but not limited to, attorneys' fees incurred by Dogra.

## CLAIM III
## UNJUST ENRICHMENT

29. Dogra incorporates herein by reference all other paragraphs of this Complaint as though fully set forth herein.

30. Defendant was enriched by retaining fees and other income that rightfully belonged to Dogra.

31. By not receiving compensation owed to them, Dogra is impoverished. No justification exists for Dogra's impoverishment and the corresponding enrichment of Defendant.

32. As a direct and proximate result of Defendant's conduct, Dogra has sustained and will continue to sustain actual and/or consequential damages in an amount to be determined at trial and is entitled to recover such damages and is entitled to restitution from Defendant.

WHEREFORE, Dogra prays for judgment and decree in his favor and against Defendant as follows:

a. An award of compensatory, general, and special damages, if any, in an amount to be determined at trial;

b. Disgorgement of all amounts unjustly obtained by Defendant;

c. Punitive or exemplary damages in an amount sufficient to punish Defendant and to deter him and others similarly situated from engaging in similar conduct in the future;

d. An award of pre- and post-judgment interest, at the highest rate as allowable by law; and

e. An award of such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          **SPENCER FANE LLP**

DATED: March 22, 2019    By:   /s/ Eric D. Block
          Robert Lattinville, MO #41019
          Erik O. Solverud, MO #44291
          Eric D. Block, MO #65789
          1 North Brentwood Blvd., Suite 1000
          St. Louis, MO 63105
          (314) 863-7733 (telephone)
          (314) 862-4656 (facsimile)
          blattinville@spencerfane.com
          esolverud@spencerfane.com
          eblock@spencerfane.com

          *Attorneys for Plaintiff Rahkspaul ("Ben") Dogra*