## ASSIGNMENT OF RIGHTS

THIS ASSIGNMENT (the "Assignment") is made by CAA Sports LLC, a Delaware limited liability company, with its principal place of business in California ("CAA") and RAHKSPAUL ("Ben") DOGRA, an individual residing at 10076 Litzsinger Road, St. Louis, Missouri 63124 ("Dogra").

WHEREAS, on February 27, 2015, Dogra filed a Demand for Arbitration with the American Arbitration Association ("AAA"), AAA Case No. 01-15-0002-7781 (the "Litigation"), raising various claims against CAA;

WHEREAS, on May 28, 2015, CAA filed a Counterclaim in the Litigation, raising various claims against Dogra;

WHEREAS, the Parties litigated their claims in an arbitration proceeding before Arbitrator M. David Vaughn;

WHEREAS, Arbitrator Vaughn issued an Opinion and Award on July 18, 2016 (the "Original Award") ruling on the Parties' respective claims in the Litigation;

WHEREAS, Arbitrator Vaughn subsequently issued a First Supplemental Opinion and Award on September 29, 2016, a Second Supplemental Opinion and Award on November 28, 2016, a Third Supplemental Opinion and Award on June 11, 2018, and a Fourth Supplemental Opinion and Award on August 10, 2018, clarifying rulings in the Original Award as well as other matters (the Original Award, First Supplemental Opinion and Award, Second Supplemental Opinion and Award, Third Supplemental Opinion and Award, and Fourth Supplemental Opinion and Award, shall collectively be referred to as the "Rulings");

WHEREAS, as part of the Rulings, Dogra and CAA are each entitled to portions of commission revenues from certain National Football League ("NFL") team contracts with NFL players ("Team Contract Revenues") as well as commission revenues from current and former NFL player marketing contracts ("Marketing Revenues");

WHEREAS, under the Rulings, Dogra is entitled to any unpaid Team Contract Revenues and Marketing Revenues owed by Robert Griffin III ("Griffin") to CAA arising from contracts that were executed before November 13, 2014;

WHEREAS, the Original Award provides that Dogra "and CAA shall cooperate fully in obtaining any revenues owing either of them which have not been collected";

WHEREAS, Dogra seeks to collect any unpaid Marketing Revenues owed by Griffin and has asked CAA to provide an assignment of its rights to any such revenues to facilitate his collection efforts; and

WHEREAS, CAA, under the terms of the Original Award, believes it is required to provide the requested assignment;

NOW THEREFORE, in consideration of adequate and valuable consideration, the receipt and sufficiency of which consideration is acknowledged by CAA, CAA hereby agrees as follows:

1.    Assignment. By this Assignment, CAA irrevocably hereby assigns, grants, conveys and transfers to Dogra all of its right, title and interest in any claims, rights or causes of action it may have

Exhibit 1

against Griffin, his heirs, executors and assigns, with respect to any failure of Griffin to make commission payments to CAA arising out of marketing and endorsement agreements CAA generated for Griffin on or before November 13, 2014 or otherwise determined to belong to Dogra per the terms of the Rulings (the "Assigned Claim"). CAA also hereby sells, assigns, grants, conveys, and transfers to Dogra all of its right, title, and interest in any and all agreements pertaining to marketing and endorsement matters by and between CAA, on the one hand, and Griffin, on the other, entered into on or before November 13, 2014 or otherwise determined to belong to Dogra per the terms of the Rulings ("Griffin Contracts"). CAA further sells, assigns, grants, conveys, and transfers to Dogra all of its right, title, and interest in any and all claims and/or defenses it may have related to the Griffin Contracts related to the performance thereunder or breaches thereof.

2. Assumption. Dogra accepts such assignment and assumes all of CAA's duties, liabilities, and obligations under the Griffin Contracts, and agrees to pay, perform, and discharge, as and when due, all of the obligations of CAA under the Griffin Contracts.

3. Warranty. CAA represents and warrants to Dogra that it is not aware of any prior transfer, conveyance, assignment, compromise, settlement, waiver or release of any right, title or interest in the Assigned Claim and/or the Griffin Contracts.

4. Counterparts. This Agreement may be executed in multiple counterparts, each of which shall be deemed original and all of which shall constitute one in the same instrument. A signed copy of this Agreement delivered by email is deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

5. Governing Law. This Agreement and all related documents and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute, are governed by, and construed in accordance with, the laws of the State of Missouri, United States of America without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Missouri.

6. Indemnification. Dogra shall indemnify, defend, and hold harmless CAA and all CAA Persons (defined below) from and against any and all third party claims, including losses, damages, expenses, and all other liabilities, including reasonable attorneys' fees (collectively, "Liabilities") arising out of or resulting from Dogra's Collection Efforts (as defined below). The term "Liabilities" shall not include any expenses, attorneys' fees or costs incurred by CAA in responding to discovery in Dogra's Collection Efforts (as defined below).

7. Further Assurances and Obligations.

   a. CAA acknowledges and agrees to provide Dogra with the cooperation required by the Rulings as it relates to Dogra's efforts to collect the Assigned Claim. As part of this obligation, CAA agrees to provide documents related to its marketing and endorsement dealings with Griffin ("Griffin Documents") upon request subject to protections to be negotiated between CAA and Dogra and to make relevant CAA Persons (as defined below) available for informal interviews or discussions related to facts concerning the Assigned Claim, Griffin Contracts or Griffin Documents upon reasonable request subject to protections to be negotiated between CAA and Dogra. However, notwithstanding the foregoing, Dogra agrees that any requests for testimony or for documents or information

other than Griffin Documents or informal interviews of CAA Persons discussed in the preceding sentence shall be made via subpoena.

b.  Dogra acknowledges and agrees that:

   i.  any collection efforts undertaken against Griffin ("Collection Efforts"), including but not limited to legal actions, shall be pursued in Dogra's name only and not on behalf of CAA;

   ii.  he will minimize any reference to CAA, its current and former affiliated entities, and any of their current or former officers, directors, employees (other than Mark Heligman), and agents (collectively, "CAA Persons") or its business practices (including, but not limited to, its recruitment efforts, relationships, arrangements, work for, or other information pertaining to Griffin as well as potential clients or clients other than Griffin) ("CAA Business Practices") in his Collection Efforts, and will only mention CAA Persons or CAA's Business Practices in any pleading, brief, filing, oral argument, or otherwise, to the extent reasonably necessary to pursue his claims against Griffin;

   iii.  he will not make reference to any CAA Business Practices related to potential clients or clients other than Griffin ("Non-Griffin Clients") in his Collection Efforts; however, if Griffin makes arguments about Non-Griffin Clients in the course of a Collection Effort and Dogra believes he must respond to such arguments, Dogra will raise the matter with CAA and CAA agrees to work in good faith to reach a mutually-agreeable method for addressing the matter;

   iv.  for any written submission (e.g., pleadings, briefs, etc.) made in connection with the pursuit of any Assigned Claim against Griffin that includes reference to CAA, CAA Persons or CAA Business Practices: (A) Dogra will provide CAA copies of such submission at least three (3) business days in advance of filing and permit CAA to make reasonable, good faith changes to any references to CAA, CAA Business Practices, or any CAA Persons; (B) CAA will provide such changes to Dogra at least twenty-four (24) hours prior to any pertinent filing deadline of which it is informed; and (C) Dogra will consider and accept such changes unless he determines, reasonably and in good faith, that such changes will materially harm or materially weaken his position in the case, in which case he shall engage with CAA in a good faith effort to reach agreement on the language in dispute;

   v.  he will not disparage or make any negative statement regarding any CAA Person or CAA Business Practice in the course of any Collection Effort, including but not limited to litigation efforts, unless such statement has been provided to CAA in advance per the requirements of this Assignment and not objected to by CAA;

vi.     he will not contend or create the impression that CAA has any interest in any Collection Effort or that it approves or otherwise is involved in the Collection Effort, other than as required to fulfill its obligations under the Rulings

vii.     he will take all necessary efforts to minimize the burden any Collection Effort will impose on CAA, including any requests for information, testimony, or assistance;

viii.     that except as provided for in the Rulings or this Assignment, CAA has no further obligation to Dogra with respect to uncollected payments from Griffin; and

ix.     as of the Effective Date, CAA has fully complied with the Rulings' cooperation requirement with respect to Griffin as set forth in Paragraph 13 of the Original Award and Dogra will not contend otherwise.

**[Signature pages follow.]**

Signature Page to Assignment of Rights

IN WITNESS WHEREOF, the parties have executed this Assignment on February 25, 2019 (the "Effective Date").

CAA SPORTS LLC,<br>
a Delaware limited liability company<br>
<br>
By: _____<br>
Print Name: Jeffrey Freedman<br>
Its: General Counsel

STATE OF CALIFORNIA   )
                      ) ss.   *see attached*
CITY OF LOS ANGELES   )

On this ___ day of _____, in the year 2019, before me, _____, a Notary Public in and for said state, personally appeared Jeffrey Freedman of CAA Sports LLC, a Delaware limited liability company, known to me to be the person who executed the within Assignment of Rights in behalf of said limited liability company and acknowledged to me that he executed the same for the purposes therein stated.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____
Notary Public

My Commission Expires:

Signature Page to Assignment of Rights

_____
Rahkspaul ("Ben") Dogra

STATE OF MISSOURI )
                  ) ss.
County OF ST. LOUIS )

On this _25_ day of _February_, 2019, before me personally appeared Rahkspaul ("Ben") Dogra, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

_____
Notary Public

My Commission Expires

BEVERLY A. FLOYD
My Commission Expires
February 7, 2022
St. Charles County
Commission #14487072

6 of 6

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_ }

On _Feb 25, 2019_ before me, _Wendy Packard, a notary public_
   Date                                Here Insert Name and Title of the Officer
personally appeared _Jeffrey Freedman_
                     Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

[Notary Seal: WENDY PACKARD, Comm. #2267944, Notary Public, California, Los Angeles County, My Comm. Exp. Nov 20, 2022]

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _[signature]_
          Signature of Notary Public

Place Notary Seal and/or Stamp Above

——————— **OPTIONAL** ———————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _assignment of rights_
Document Date: _Feb 25, 2019_  Number of Pages: _6_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

Signer's Name: _____
☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee         ☐ Guardian of Conservator
☐ Other: _____
Signer is Representing: _____

©2017 National Notary Association