UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAHKSPAUL "BEN" DOGRA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00548-SRC |
| ) | |
| ROBERT GRIFFIN III, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Robert Griffin III's Motion to Dismiss or, in the Alternative, Stay and Compel Arbitration [35]. The Court denies the Motion.

**I.      BACKGROUND**

Plaintiff Rahkspaul "Ben" Dogra filed this diversity action on March 22, 2019, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. Doc. 1. Dogra amended his Complaint on March 26, 2019. Doc. 5. Dogra alleges that he acted as Griffin's agent and negotiated numerous marketing and endorsement agreements on Griffin's behalf. *Id.*, ¶ 6. Dogra essentially alleges that Griffin breached an oral agreement to pay Dogra fifteen percent of his earnings from marketing and endorsement contracts entered into, negotiated, or renewed during the term of the agreement. *Id.*, ¶¶ 9-10.

Griffin filed his Answer to Dogra's Amended Complaint on May 21, 2019. Doc. 7. Griffin's Answer asserts eleven affirmative defenses but includes no reference to any arbitration agreement between the parties. *Id.* All parties, by counsel, appeared for a Rule 16 conference with the Court on August 9, 2019, and no mention of an arbitration agreement was made. Doc. 30. Afterward, the Court entered a scheduling order for the case and assigned a trial date of June 15, 2020. Doc. 32.

1

On September 25, 2019, Griffin filed the present Motion to Dismiss or, in the Alternative, Stay and Compel Arbitration. Doc. 35. Griffin asserts that he is a member of the National Football League Players Association (NFLPA), and that Dogra is a "Contract Advisor," as that term is defined in the NFLPA Regulations Governing Contract Advisors. *Id.* Griffin argues that the Regulations require arbitration as the exclusive method of dispute resolution between Contract Advisors and members of the NFLPA for "fee agreement" claims like those asserted in Dogra's Complaint. *Id.* Accordingly, Griffin asks the Court to dismiss Dogra's Amended Complaint for lack of subject-matter jurisdiction, or, alternatively, to stay these proceedings and compel arbitration. *Id.*

In opposition to Griffin's Motion, Dogra argues that the oral agreement at issue in this case does not fall within the scope of the mandatory-arbitration provision in the Regulations. Doc. 46. Alternatively, Dogra argues that—even if the mandatory-arbitration provision did apply—Griffin has waived his right to arbitrate. *Id.*

## II.  STANDARD

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. There is a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, "courts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,

2

whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001).

## III. DISCUSSION

Dogra argues that Griffin has waived any right to arbitration by his participation in the present case. The Court agrees.

To prove waiver, Dogra must show: (1) Griffin knew of an existing right to arbitration; (2) Griffin acted inconsistently with that right; and (3) Griffin's inconsistent acts prejudiced Dogra. *Stifel, Nicolaus & Co. Inc. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991).

Regarding the first element, it is undisputed that Griffin knew of an existing right to arbitration. In support of his Motion to compel arbitration, Griffin states that he "sought to resolve the parties' dispute via NFLPA arbitration" several months before the present case was filed. Doc. 54, pg. 7. Griffin's own evidence proves that he was aware, at least by October 25, 2018, of a right to arbitration. On that date, Griffin's counsel sent an email stating that the issue concerning "Ben [Dogra]'s claims to marketing fees" could be resolved in arbitration. *Id.*; Doc. 54-1, ¶ 4; Doc. 54-3.

As to the second element, the Court finds that Griffin acted inconsistently with a right to arbitration by his participation in this case. In *Stifel, supra*, the Eighth Circuit found that a plaintiff acted inconsistently with its right to arbitration by filing a civil complaint, engaging in discovery on arbitrable issues, and not moving to compel arbitration until six months after the suit was filed. 924 F.2d at 158. Here, Griffin answered Dogra's Complaint, making no reference to any right to arbitration. Doc. 7. Further, Griffin and Dogra jointly submitted a proposed scheduling plan including proposed dates for discovery, dispositive motions, and trial, all to take place in this Court, but with no mention of arbitration. Doc. 18. Griffin appeared (by

counsel) at a Rule 16 conference with the Court, during which the Parties had the opportunity to raise any relevant issue with the Court, but arbitration was not mentioned.  Finally, the Parties have exchanged initial disclosures and have engaged in at least some additional discovery.  Doc. 32; Doc. 40.  On September 25, 2019, more than six months after Dogra filed this case, Griffin first mentioned arbitration by filing the present Motion.  Doc. 35.  On these facts, the Court finds that Griffin has acted inconsistently with a right to arbitration.

The final element Dogra must show to invoke waiver is that he has been prejudiced by Griffin's acts inconsistent with a right to arbitration.  *Stifel*, 924 F.2d at 158.  Dogra argues that Griffin delayed filing his Motion to Compel Arbitration just long enough to ensure that the statute of limitations had run on any claim Dogra might have pursuant to the NFLPA arbitration process.  Dogra asserts, and Griffin does not dispute, that the NFLPA statute of limitations is 180 days.  Doc. 46, pg. 12; Doc. 54, pg. 8-9.  Griffin filed his Motion to Compel Arbitration on September 25, 2019, 187 days after Dogra filed his original Complaint.  Dogra offered evidence that Griffin intends, if this matter is diverted to the NFLPA arbitration process, to argue that all of Dogra's claims are time-barred under the NFLPA statute of limitations.  Doc. 46-2, ¶ 13.

The Court finds that Griffin's delay in asserting his right to arbitration has prejudiced Dogra.  *In re Citigroup, Inc.*, 376 F.3d 23, 27 (1st Cir. 2004) ("Plaintiffs claim prejudice due to the delay for several reasons.  First, plaintiffs argue, and we agree, that if the arbitrable claims are sent to arbitration they may be subject to new defenses related to the statute of limitations and the equitable doctrine of laches; and even if the defenses are not successful, plaintiffs will have to respond to them."); *Vega v. Contract Cleaning Maint.*, 2006 WL 1554383, at *5 (N.D. Ill. June 1, 2006) ("Texas Defendants delay in seeking arbitration has likely prejudiced the Texas Arbitration Plaintiffs regarding the statute of limitations. Sending the Texas Arbitration Plaintiffs claims to arbitration may be the same as a dismissal with prejudice because they may not have

the ability to refile in that forum. For these reasons, Texas Defendants have waived their right to arbitrate the Texas Arbitration Plaintiffs' claims against them."). In *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345 (6th Cir. 2003), the Sixth Circuit held that a defendant prejudiced the plaintiff by waiting until after an arbitration provision's 180-day limitation expired before invoking a right to arbitration. *Id.* at 358. "Under these facts, Plaintiff suffered actual prejudice by Defendant's delaying its assertion regarding arbitrability" and the defendant waived its right to arbitration. *Id.* (internal quotations omitted). Because Griffin delayed seeking arbitration in this case for 187 days, and the parties agree that a 180-day limitation applies under the NFLPA arbitration process, the Court finds that Griffin's actions in this matter prejudiced Dogra.

Having found all three elements of the *Stifel* test satisfied, 924 F.2d at 158, the Court concludes that Griffin waived any right to arbitration.

Dogra separately argues that Griffin's Motion should be denied because the oral agreement at issue in this case does not fall within the scope of the mandatory-arbitration provision in the Regulations. Because the Court finds that Griffin waived any right to arbitrate, the Court need not reach Dogra's alternative argument.

Accordingly,

**IT IS HEREBY ORDERED** that the Court DENIES Defendant Robert Griffin III's Motion to Dismiss or, In the Alternative, Stay and Compel Arbitration [35].

So Ordered this 20th day of November.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

5