**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RAKSHPAL ("BEN") DOGRA, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-00548-SRC |
| | ) |
| ROBERT GRIFFIN, III, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Robert Griffin, III's Motion for Summary Judgment [Doc. 69]. As described in greater detail below, the Court finds that California's statute of limitations applies to Plaintiff Dogra's breach of contract claim. Accordingly, the Court orders the parties to submit additional briefing on the applicability and effect (if any) of California's tolling doctrines on Dogra's claims.

**I.   DISCUSSION**

Dogra and Griffin dispute whether California or Missouri's statute of limitations applies to Dogra's breach of contract claim. Both parties' briefs include lengthy discussion of Missouri's conflict-of-laws rules in reference to the applicable statute of limitations. *See* Doc. 71 at 3-6; Doc. 76 at 10-14. But those discussions miss the mark. A federal court sitting in diversity applies the statute-of-limitations rules of the forum state. *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007). Missouri has a borrowing statute that provides: "Whenever a cause of action has been fully barred by the laws of the state … in which it originated, said bar shall be a complete defense to any action thereon…." Mo. Rev. Stat. § 516.190. "*No conflict of law question is presented* when a borrowing statute is involved because

1

the borrowing statute constitutes a codification by the Missouri Legislature of a conflicts rule." *Green Acres Enterprises, Inc. v. Freeman*, 876 S.W.2d 636, 639–40 (Mo. Ct. App. 1994) (emphasis added).

### A. Dogra's breach of contract claim originated in California

The "critical issue" in applying Missouri's borrowing statute is "determining where a cause of action originated." *Great Plains*, 492 F.3d at 992 (quoting *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995). "Under the statute, 'originated' means 'accrued.'" *Id.* (quoting *Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. 1992)).

The Court finds that Dogra's breach of contract claim originated and accrued in California. In *Great Plains*, the Eighth Circuit held that a cause of action accrues for purposes of Missouri's borrowing statute when and *where* damages are capable of ascertainment. *Id.* "[I]n a breach-of-contract suit, the cause of action 'accrues upon a defendant's failure to do the thing at the time and in the manner contracted.'" *Id.* (quoting *Davis v. Laclede Gas Co.*, 603 S.W.2d 554, 555 (Mo. 1980)). Most significantly, the Eighth Circuit determined in *Great Plains* that "although no Missouri state court has directly addressed the issue, it appears that for failure-to-pay cases, *the cause of action accrues where payment was to be made*." *Id.* (emphasis added); *see also Hildene Opportunities Master Fund Ltd v. Arvest Bank*, No. 14-1110-CV-W-ODS, 2017 WL 11517422, at *6 (W.D. Mo. Feb. 15, 2017) ("The locality where payments were to be received under the contract controls under Eighth Circuit precedent.").

.

This case involves "failure-to-pay" on an oral contract, and to determine where payment was to be made the Court must examine the parties' dealings.  Dogra alleges that Griffin "has failed to pay [him] the fees as required under the parties' Agreement."  Doc. 5 at ¶ 11.  Dogra admits that Griffin paid commissions to CAA Sports in 2012 and 2013 from his account in California to CAA Sports's account in California.  Doc. 77 at ¶ 23, 25.  CAA Sports's invoice for 2014, which Dogra alleges Griffin has not paid, directs that payment be made to "CAA Sports / Attn: Sports AR" and provides an address for CAA Sports in Los Angeles, California.  Doc. 71-19.  The 2014 invoice also provides that payment by wire may be made to a California bank account.  *Id.*  The 2015 invoice, which Dogra also alleges Griffin has not paid, contains identical payment instructions.  Doc. 71-21.  The Court does not find in the record any invoice from CAA Sports to Griffin for 2016 commissions.  However, as late as July 17, 2018, counsel for Dogra sent an email to Griffin's attorney directing that payment for all unpaid commissions (for 2014, 2015, and 2016) be paid to CAA Sports in Los Angeles, California.  Doc. 76-8.  The Court finds that Griffin's payments under the alleged contract were to be made in California.  Thus, Dogra's breach of contract claim originated and accrued in California, and California's statute of limitations applies.  *Great Plains*, 492 F.3d at 993.

      **B.**      **California's tolling doctrines and additional briefing**

California's statute of limitations for breach of an oral contract is two years.  Cal. Civ. Proc. Code. § 339.  The present action was filed on March 22, 2019, more than two years after Griffin received the last payments from which Dogra is allegedly entitled to commissions.  *See* Doc. 76-8.  Thus, some or all of Dogra's breach of contract claim is barred unless the two-year statute of limitations was tolled.  In his opposition brief, Dogra argues that Griffin's actions tolled the statute of limitations.  Doc. 76 at 14-16.  However, Dogra's brief only discusses

3

*Missouri's* law of tolling.[1]  "Under Missouri law, '[i]t is a generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well.'"  *Great Plains*, 492 F.3d at 995 (quoting *Thompson*, 833 S.W.2d at 872); *see also Reid v. Doe Run Res. Corp.*, 74 F. Supp. 3d 1015, 1019 (E.D. Mo. 2015) ("As Missouri courts have interpreted it, the borrowing statute imports not only the foreign jurisdiction's limitations period, but also its accrual provisions and its tolling doctrines.").  Thus, California law governs whether the statute of limitations was tolled on Dogra's breach of contract claim.

Because California's law of tolling is likely to be dispositive of some or all of Dogra's claims, the Court directs the parties to submit additional briefing on this issue.  Specifically, the Court directs each party to submit a brief of no more than ten (10) pages addressing the applicability of California's tolling doctrines to this matter.  These briefs must be submitted on or before May 11, 2020.

Accordingly,

**IT IS HEREBY ORDERED** that each party shall submit a brief of no more than ten pages addressing the issues herein described, no later than May 11, 2020.

So Ordered this 1st day of May, 2020.

SLR. CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

---

[1] Similarly, Griffin's reply brief only addresses Missouri tolling law.  Doc. 78 at 6.

4